IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Allyson Fowler, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. _____ |
| | § | |
| General Motors, LLC, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**To the Honorable United States Judge of Said Court:**

COMES NOW, Allyson Fowler (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, and respectfully files this Original Complaint against General Motors, LLC (hereinafter referred to as "Defendant"), and in support hereof would state and show unto this Honorable Court the following:

### I. Parties

1. Plaintiff Allyson Fowler is an individual and resides in Motley County, Texas.

2. Defendant General Motors LLC is a foreign Corporation doing business in Texas and service of process upon this Defendant may be had by serving its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street Suite 620, Austin, Texas 78701-4234.

## II. Jurisdiction

3. This Court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332.

4. The parties to this lawsuit are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## III. Facts

5. On or about August 2, 2012, Allyson Fowler was driving a 2003 Chevrolet Envoy (VIN#1GKDS13S642126490) when control of the vehicle was lost and the vehicle rolled over.

6. At the time of the accident, Allyson Fowler was properly seated and properly wearing her seat belt.

7. However, despite being properly restrained, Allyson Fowler suffered serious injuries when her vehicle failed to protect her.

## IV. Cause(s) of Action as to Defendant General Motors, LLC

8. It was entirely foreseeable to and well-known by the Defendant that accidents and incidents involving its vehicles, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicle.

9. The injuries and damages complained of herein occurred because the vehicle in question was not reasonably crashworthy, and was not reasonably fit for unintended, but clearly foreseeable, accidents. The vehicle in question was unreasonably dangerous in the event it should be involved in an incident such as this one.

10. Defendant General Motors, LLC, although it may not have actually designed, manufactured, marketed, assembled, and/or tested the subject 2003 Chevrolet Envoy, has assumed all liabilities for product liability claims with respect to the vehicle in question.

11. Defendant, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, assembled, and/or tested said vehicle in question.

12. Defendant knew or should have known of safer alternative designs which would have prevented the injuries sustained by the Plaintiff.

13. Defendant, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, assembled, and/or tested said vehicle in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts, in that the vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed, and/or tested because Defendant knew and/or should have known of the following, non-exhaustive list of defects:

   a. the driver's door opened which rendered the other safety systems ineffective;
   b. the driver's door failed to provide proper restraint because it opened during the rollover;
   c. the driver's door latch system used on this platform vehicle has had numerous incidents where the door latch failed to stay latched and permitted the door to open during an accident;
   d. the driver's door latch system violated principles of crashworthiness;
   e. the driver's door latch failure permitted partial ejection;

  f. the driver's door restraint failed to provide proper restraint throughout the entire accident;
  g. the vehicle violated principles of crashworthiness;
  h. the vehicle failed to provide adequate occupant protection;
  i. Defendant failed to conduct adequate testing; and/or
  j. Defendant failed to conduct thorough engineering analysis.

14. Defendant was negligent in the design, manufacture, assembly, marketing, and/or testing of the vehicle in question.

15. The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of the serious injuries to Plaintiff.

16. The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of Plaintiff's damages.

## V. Damages

17. As a result of the acts and/or omissions of Defendant, Plaintiff Allyson Fowler has endured pain and suffering, extreme emotional distress, mental anguish, impairment, and disfigurement, loss of consortium interference with her daily activities and a reduced capacity to enjoy life in the in the past and, in all likelihood, will into the future as a result of her injuries.

18. As a result of the acts and/or omissions of Defendant, Plaintiff Allyson Fowler has become obligated to pay extensive medical expenses in the past and in all likelihood will continue into the future as a result of her injuries.

19. As a result of the acts and/or omissions of Defendant, Plaintiff Allyson Fowler has suffered lost wages in the past and in all likelihood will into the future as a result of her injuries.

20. The above and foregoing acts and/or omissions of Defendant, resulting in the serious injuries to Plaintiff Allyson Fowler, have caused actual damages to Plaintiff in an amount within the minimum jurisdictional limits of this Court.

## VI. Conclusion and Prayer

21. For the reasons presented herein, Plaintiff prays that Defendant be cited to appear and answer, and that upon a final trial of this cause, Plaintiff recovers judgment against Defendant for:

   a. actual damages;
   b. economic and non-economic damages;
   c. prejudgment and post-judgment interest;
   d. costs of suit; and
   e. all other relief, general and special, to which Plaintiff is entitled to at law and/or in equity, and/or which the Court deems proper.

Respectfully submitted,

**The TRACY firm**

  /s E. Todd Tracy
E. Todd Tracy (Attorney-in-Charge)
State Bar No. 20178650
EToddTracy@vehiclesafetyfirm.com
Stewart D. Matthews
State Bar No. 24039042
SMatthews@vehiclesafetyfirm.com
Andrew G. Counts
State Bar No. 24036408
ACounts@vehiclesafetyfirm.com
5473 Blair Road, Suite 200
Dallas, Texas  75231
(214) 324-9000 – Phone
(972) 387-2205 – Fax

**Attorneys for Plaintiff**